OF

# THE COURT OF APPEALS

## OF KENTUCKY.

SUMMER TERM, 1869.

CASE 1—INDICTMENT—JUNE 8.

## Commonwealth vs. Pointer.

APPEAL FROM HENDERSON CIRCUIT COURT.

1.  The city court of Henderson, by act of 1867, has exclusive jurisdiction
    of all pleas of the Commonwealth except cases of felony.
        This act does not repeal or take from the Henderson circuit court
    jurisdiction of the lesser grades of the offense included in an indict-
    ment for malicious striking and wounding with intent to kill. ( *Crim.*
    *Code, secs.* 11, 259.)
2.  The general law controls local statutes, unless there is manifested in
    the latter a special intent to repeal the general law.

JOHN RODMAN, Attorney General, and
JOHN W. LOCKETT,                                      For Appellant,
                              CITED—
    *Revised Statutes,* 1 *Stanton,* 382, *sec.* 1.
    *Session Acts,* 1867, *vol.* 1, *p.* 328.
    *Criminal Code, secs.* 10, 11, 259, 177.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Upon an indictment, issue, and trial of appellee for malicious wounding, the court instructed the jury, among other things, that, even should they believe, from the evidence, "that defendant is not guilty of willful and malicious striking and wounding said Peter Baker, with intent to kill, but find him guilty of striking said Baker in sudden heat and passion, without previous malice, and not in self-defense, they must still acquit him, *this court not having jurisdiction for misdemeanors committed within the corporate limits of the city of Henderson.*"

The correctness of this instruction is the only question—the jury having found him "not guilty of the willful and malicious striking and wounding, as charged in the indictment," and the court having discharged him. This instruction is predicated upon the act of 1867, establishing a city court in Henderson, wherein it is given "exclusive original jurisdiction of all pleas of the Commonwealth arising within the limits of the city of Henderson, except cases of felony."

But by section 11, Criminal Code, it is provided, that "when an indictment is found in the circuit court for an offense within its jurisdiction, such court shall have jurisdiction *in that prosecution of all degrees of such offense,* and of all offenses included in the one charged, *although some of those degrees or included offenses are within the exclusive jurisdiction of an inferior or local court.*" And by subdivision 2, section 259, Criminal Code, "all injuries to the person by maiming, wounding, beating, and assaulting, whether malicious, or from sudden passion, and whether attended or not with intent to kill, are declared to be degrees of the same offense."

It is, therefore, a simple question whether a special and local law can be construed as, a *pro tanto* repeal of this general provision of the Code, without any special intention manifested by the Legislature therein.

As this general law provides that the circuit courts shall have jurisdiction in this particular class of cases, though a local statute may confer exclusive jurisdiction of some of the lesser degress upon some inferior or local court, it must be construed as consistent with, and as still controlling, such particular and local statutes, even such as have been enacted since its adopion, unless there be a special intent to repeal it manifested in the local law, which is not the case in this special statute.

The instruction being essentialy erroneous and misleading, the judgment is reversed, with directions for further proceedings consistent herewith.